# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. REED, | CASE NO. 1:11-CV-00468-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| R. HUBACH, et al., | (DOC. 1) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| _____/ | |

## Screening Order

**I.    Background**

Plaintiff Stephen C. Reed ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint On March 21, 2011.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Complaint And Analysis

Plaintiff is incarcerated at California State Prison, Corcoran ("CSP-Cor") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants R. Hubach, captain of 3A Facility; V. Marmolejo, lieutenant at 3A facility; J. Gonzales, sergeant at 3A facility; De La Cruz, correctional officer for 3A facility; and Royston, activities coach for 3A facility.

Plaintiff alleges the following. On September 25, 2010, Plaintiff was a member of a prison-sanctioned prisoner softball game in Facility 3A. Compl. ¶ 9. Defendant Royston organized the game, and Defendants Hubach, Marmolejo, and Gonzales approved it via memorandum. *Id.* While playing center field, a fly ball was hit by one of the opposing team players to deep center right field. *Id.* ¶ 10. Plaintiff gave chase at full speed and was focused on the ball. *Id.* Plaintiff's left foot slipped into one of many hidden sprinkler holes all over the playing field, which Plaintiff did not know existed. *Id.* Plaintiff broke his leg in three places, and slammed into another inmate. *Id.*

Title 15 of the California Code of Regulations states that all physical recreation activities which involve unusual danger or potential for injury are prohibited. *Id.* ¶ 11. Plaintiff contends that the tournament should never have occurred without Defendant De La Cruz taking proper precautionary measures, such as warning signs or orange cones, or covering these hidden holes. *Id.* ¶ 12. Plaintiff has a permanent titanium rod in his left tibia and has mild to acute pain on a

daily basis. *Id.* Plaintiff is aware of correctional officers being injured on these same grounds. *Id.*

Plaintiff contends a violation of the Eighth Amendment. Plaintiff requests as relief declaratory judgment, a preliminary and permanent injunction that Defendants at CSP-Cor repair the field so no further injury occur to others, compensatory and punitive damages, and costs of suit.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges that Defendant Royston organized the game, Defendants Hubach, Marmolejo, and Gonzales approved the game, and Defendant De La Cruz should have insured the safety of the field. Plaintiff alleges that the game was unsafe because of the hidden sprinklers. Plaintiff however fails to allege sufficient facts that demonstrate the Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff fails to allege an excessive risk of serious harm, or that Defendants were aware of any such excessive risk. Plaintiff's allegations amount at most to negligence, which is not actionable under § 1983. *Farmer*, 511 U.S. at 835.

The Court finds that Plaintiff will not be able to cure the deficiencies identified herein. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### III. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **September 26, 2011**                    /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE